AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Ohio

<table>
<tr><td>United States of America<br>v.<br><br><br>MYRON D. BAKER<br><i>Defendant(s)</i></td><td>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No.  3:17 mj 138</td></tr>
</table>

*FILED
RICHARD W. NAGEL
CLERK OF COURT
2017 APR -6  AM 9: 42
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WESTERN DIV. DAYTON*

MICHAEL J. NEWMAN

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____April 4, 2017_____ in the county of _____Montgomery_____ in the

___Southern___ District of _____Ohio_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| | |

SEE ATTACHMENT A

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Patrick A. Bell*

_____
*Complainant's signature*

TFO PATRICK A. BELL, FBI

_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  4·6-17

_____
*Judge's signature*

City and state: _____DAYTON, OHIO_____

WALTER H. RICE, U.S. DISTRICT COURT JUDGE

_____
*Printed name and title*

## ATTACHMENT A

### COUNT 1
### [18 U.S.C. §§ 922(g)(1) and 924(a)(2)]

On or about April 4, 2017, in the Southern District of Ohio, defendant **MYRON D. BAKER**, knowingly possessed, in and affecting interstate commerce, a firearm to wit: a loaded semi-automatic 9mm Keltec handgun.  This possession occurred after **MYRON D. BAKER**, had been convicted of the following felony punishable by a term of imprisonment exceeding one year, namely:

    (a)    on or about February 19, 2002, in the Common Pleas Court of Montgomery County, Dayton, Ohio, Case Number 2001CR03937, of Aggravated Burglary (deadly weapon) (F1), in violation of the Ohio Revised Code

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

**AFFIDAVIT**

Patrick A. Bell, hereinafter referred to as the "Affiant", being duly sworn, states as follows:

**INTRODUCTION**

1.      Your Affiant is a Task Force Officer with the United States Federal Bureau of Investigation (FBI) within the meaning of 21 U.S.C. § 878 – namely, an officer of the United States who is empowered by law to conduct criminal investigations of, and to make arrests for, offenses enumerated under that section. The information contained in this Affidavit either is personally known to me or has been relayed to me by other law enforcement officers involved in this investigation.

2.      Your Affiant has served as a law enforcement for the past fifteen years. Since 2001, your Affiant has been employed as a sworn police officer with the City of Dayton, Ohio. Since March 2013, your Affiant has been assigned to the FBI Dayton Field Office as a Task Force Officer (TFO). From 2008 to the present, your Affiant has been exclusively assigned to the investigation of narcotics and weapons offenses. During that time, your Affiant has been involved in narcotics related arrests, executed search warrants that resulted in the seizure of narcotics, participated in undercover narcotics purchases, and supervised the activities of informants who have provided information and assistance resulting in narcotics purchases.

3.      This affidavit is made in support of an application for a federal arrest warrant and criminal complaint against **MYRON D. BAKER** for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The facts in this affidavit are submitted for the sole purpose of establishing probable cause and do not include every fact known to your Affiant concerning this case.

**FACTS**

4.      On or about March 31, 2017, the Dayton Police Department ("DPD") began an investigation into a drug-overdose-related death that had occurred on that day. Based on various sources of information, the DPD identified **MYRON D. BAKER** ("**BAKER**") as a possible suspect in the distribution of the controlled substances that may have led to the overdose.

5.      On or about April 4, 2017, in an effort to determine **BAKER's** location, DPD established surveillance at his last known address – namely, 522 Lexington Avenue, Dayton, Ohio. Around 11:00 a.m., officers observed **BAKER** exit the Lexington residence and enter the passenger seat of a silver Chevy SUV license plate FMK6274. The SUV carrying **BAKER** pulled away and, after a brief drive, stopped at the Delphos Carryout on West Third Street. **BAKER** exited the vehicle and entered the store. A DPD officer followed **BAKER** into the carryout and made contact with him. Given that officers had information that **BAKER**, a previously convicted felon, frequently possessed firearms with him, the DPD officer conducted a protective pat down of **BAKER.** During that pat down, the officer detected on **BAKER's** person potential contraband. After feeling this object, the officer removed it from **BAKER's** pocket and learned that it was a baggie containing suspected fentanyl and cocaine. Having discovered these items, the officer

placed **BAKER** under arrest and conducted a search of **BAKER**'s person during which the officer discovered $ 5,578.00 and an Apple I-Phone.

6. Soon thereafter, DPD obtained a state search warrant for 522 Lexington Avenue, Dayton, Ohio. During the execution of the warrant, officers discovered a semi-automatic 9mm Keltec handgun serial number R1M42 under the mattress in an upstairs bedroom. The handgun was loaded with seven live rounds in the magazine and one live round in the chamber. Next to the handgun, officers also discovered a bag containing nine additional rounds of 9mm ammunition. The bedroom in which the officers discovered the firearm was the only furnished bedroom in the Lexington residence. This room also contained men's clothing that would fit **BAKER**. DPD also located in the bedroom a piece of mail addressed to **BAKER** at 522 Lexington Avenue.

7. Based on my training and experience, I am aware that Kel-Tec firearms are not manufactured in the state of Ohio. As such, I conclude that this firearm previously moved in interstate and/or foreign commerce to reach **BAKER** in this state.

8. I have conducted a criminal history records check concerning **MYRON D. BAKER**. I learned that **BAKER** had been convicted of one felony, which is punishable by a term of imprisonment exceeding one year - namely, on or about February 19, 2002, in the Court of Common Pleas, Montgomery County, Ohio, Case Number 2001CR03937, **BAKER** was convicted of Aggravated Robbery (deadly weapon) (F1), in violation of the Ohio Revised Code.

9. Based upon the above information, your Affiant believes that probable cause exists to conclude that, on or April 4, 2017, in the Southern District of Ohio, **MYRON D. BAKER** knowingly possessed, in and affecting interstate commerce, a firearm. Such possession occurring after **BAKER** had been convicted of a felony punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

*Patrick A. Bell*
_____
Patrick A. Bell, Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me this ___ th day of April 2017.

_____
HONORABLE WALTER H. RICE
UNITED STATES DISTRICT COURT JUDGE

2