# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:17-cr-59 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| MYRON BAKER, | : | |
| | : | |
| Defendant. | : | |

## ENTRY AND ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY AS CUMULATIVE (DOC. 97)

This case is before the Court on the Motion *In Limine* To Exclude Expert Testimony As Cumulative (Doc. 97) (the "Motion") filed by Defendant Myron Baker ("Baker"). On September 10, 2019, the Court held an evidentiary hearing on the Motion. (Doc. 99.) Baker submitted a post-hearing memorandum in support of his Motion. (Doc. 100.) The Government filed a Response in Opposition. (Doc. 101.) This matter is now ripe for review. For the reasons below, the Court **DENIES** the Motion.

### I.     BACKGROUND

Baker is charged with multiple firearm and drug charges, including knowingly and intentionally distributing a mixture or substance containing a detectable amount of carfentanil resulting in death or serious bodily injury. (Doc. 102.) The indictment alleges that "[d]eath resulted to 'J.V.' from the use of such mixture or substance" and that "[s]erious bodily injury resulted to 'M.D.' from the use of such mixture or substance." (*Id.* at PAGEID # 478.) In its post-hearing memorandum, the Government asserted that "[t]he evidence at trial will establish

1

that, in addition to the one overdose death, first responders and a civilian provided two other individuals with Narcan after they had overdosed on narcotics obtained from the defendant." (Doc. 101 at PAGEID # 466.)

The Motion seeks to exclude the anticipated testimony of Dr. Brian Springer, M.D. ("Dr. Springer"), under Federal Rule of Evidence 403, as being unfairly prejudicial, likely to cause confusion of issues, likely to mislead the jury, and likely to cause undue delay, waste time, or needlessly present cumulative evidence. (Doc. 100 at PAGEID # 458.) Baker argues that "the testimony of Dr. Springer would merely be duplicative" and that Dr. Springer—and hearsay testimony of Detective Patrick Bell—fail to lay foundation for substance and materiality for Dr. Springer's anticipated testimony. (*See id.* at PAGEID # 460-63.) Baker argues that "[t]he hearsay testimony of Detective Bell … fails to lay a foundation to establish any conduct of Defendant Baker for a nexus to Dr. Springer's anticipated trial testimony."

In its post-hearing memorandum, the Government represented that:

> The United States provided notice to defendant that Dr. Brian Lee Springer, M.D., would be called by the United States to testify as an expert witness. The United States provided notice that Dr. Springer's anticipated testimony would discuss his qualifications as an expert, to include his experience in treating individuals who have used and/or overdosed from the use of heroin, fentanyl, carfentanil and other opioids. The United States also provided notice that Dr. Springer's anticipated testimony would discuss the nature of natural, synthetic, and semi-synthetic opioids, including heroin, fentanyl, carfentanil and the nature of Narcan, the physiological effects resulting from the use of opioids like heroin, fentanyl, and carfentanil as well as the physiological effects of Narcan when used to treat an opioid overdose. The United States provided defendant with a copy of Dr. Springer's *curriculum vitae*, which outlines his extensive experience as an emergency room physician and member of the faculty of the Boonshoft School of Medicine at Wright State University.

(Doc. 101 at PAGEID # 466.)

## II.   ANALYSIS

The Notes of the Advisory Committee on 2000 Amendments to Federal Rule of Evidence 702 underscore that experts may provide a general exposition of scientific principles, rather than an opinion:

> Yet it might also be important in some cases for an expert to educate the factfinder about general principles, without ever attempting to apply these principles to the specific facts of the case. For example, experts might instruct the factfinder on the principles of thermodynamics, or bloodclotting, or on how financial markets respond to corporate reports, without ever knowing about or trying to tie their testimony into the facts of the case. The amendment does not alter the venerable practice of using expert testimony to educate the factfinder on general principles. For this kind of generalized testimony, Rule 702 simply requires that: (1) the expert be qualified; (2) the testimony address a subject matter on which the factfinder can be assisted by an expert; (3) the testimony be reliable; and (4) the testimony 'fit' the facts of the case.

*See also United States v. Brinson*, 772 F.3d 1314, 1319-20 (10th Cir. 2014) (district court did not abuse its discretion by permitting an expert that "was not familiar with the facts in the case" to testify "about characteristics of the prostitution trade" because his testimony was sufficiently reliable and "could have proven helpful" to the jury); *United States v. McBeath*, No. 3:15-cr-169, 2016 U.S. Dist. LEXIS 170053 (S.D. Ohio Dec. 8, 2016).   Thus, as the Government points out in its brief, although an expert may be used to give an opinion on the specific facts of the case in which he or she is testifying, there is no requirement under Rule 702 (or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)) that the expert's testimony actually address the specific facts of the case.   Instead, the generalized testimony must meet the four requirements set forth in the Advisory Committee's Notes quoted above.

Based on the testimony and argument provided at the evidentiary hearing on the Motion, the Court's understanding is that Dr. Springer will be testifying as an expert witness regarding the following general principles:   the effects of opioid use, of opioid toxicity (including overdose),

potential short-term and long-term complications from opioid toxicity, and the treatment of opioid toxicity—in particular the use of naloxone or Narcan. (Doc. 99 at PAGEID # 440, 447-50; *see also* Doc. 101 at PAGEID # 470.)

Based on representations made by the Government at the evidentiary hearing on the Motion and in its post-hearing memorandum, the Court's understanding is that Dr. Springer will <u>not</u> be testifying as to the specific defendant in this case (Baker) or the specific factual allegations in this case. The Court disagrees with Baker's allegation that Dr. Springer testified at the evidentiary hearing that he expects to offer opinions based on the facts provided to him regarding the details of this case. (Doc. 100 at PAGEID # 462.) However, as the Government conceded, and based on what has been presented to the Court, Dr. Springer "cannot opine on whether [the alleged overdose] victims suffered from the effects of heroin and/or fentanyl or carfentanil" and he "will not opine on the specific facts of this case." (Doc. 101 at PAGEID # 470-71; *see also* Doc. 99 at PAGEID # 448-50.)

Therefore, based on the parties' briefing and testimony at the evidentiary hearing, the Court finds that the Government has met the requirements under Rule 702 to allow Dr. Springer's anticipated testimony. (*See* Doc. 99; Doc. 101 at PAGEID # 468-71.) The Court does not find that Dr. Springer's anticipated testimony will be cumulative, and the Motion is otherwise not well-founded. *See McBeath*, 2016 U.S. Dist. LEXIS 170053. The Court **DENIES** Defendant's Motion *In Limine* To Exclude Expert Testimony As Cumulative (Doc. 97). This case remains set for trial on November 4, 2019 at 9:00 a.m.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, September 27, 2019.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE