# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:17-cr-59 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| MYRON BAKER, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE GOVERNMENT USE OF VIDEO CLIPS (DOC. 108)**

This case is before the Court on the Motion *In Limine* to Exclude Government Use of Video Clips (Doc. 108) (the "Motion") filed by Defendant Myron Baker ("Baker"). Baker filed the Motion on October 17, 2019, and the Government filed a Response in Opposition on October 23, 2019 (Doc. 110) (the "Opposition"). Baker did not file a reply in support of the Motion, and the time to do so has now passed (in accordance with representations at the October 9, 2019 Final Pretrial Conference). For the reasons below, the Court **DENIES** the Motion.

**I.    BACKGROUND**

Baker is charged with five counts in the Second Superseding Indictment: Count 1 – felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Count 4 – conspiracy to distribute controlled substances and intent to distribute controlled substances, in violation of 21 U.S.C. § 846; Count 6 – distribution of a controlled substance resulting in death, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2; Count 7 – distribution of a controlled substance resulting in serious bodily injury, in violation of 21 U.S.C. § 841(a)(1) and

1

(b)(1)(C) and 18 U.S.C. § 2; and, Count 8 – using and maintaining a place for the purpose of manufacturing, distributing, and using controlled substances, in violation of 21 U.S.C. § 856(a)(1). (Doc. 102.)

The Motion seeks to exclude the admission of video clips that the Government purports to submit at trial (collectively, the "Video Clips"). (Doc. 108.) Baker and the Government each submitted a list of the video clips with their respective Motion and Opposition, although some of the clips are described differently in the lists. (*Compare* Doc. 108-1 *with* Doc. 110-1.) In its Opposition, the Government stated that the Video Clips do not contain audio and were "taken from a surveillance monitoring system that Defendant installed at his residence." (Doc. 110 at PAGEID # 516-17.) The Government also stated that "[t]he [V]ideo [C]lips depict acts of the Defendant during the dates of the conspiracy," including showing "the Defendant, among other relevant things, weighing drugs, providing drugs, displaying a firearm, and interacting with individuals involved in his conspiracy." (*Id*.)

## II.  ANALYSIS

The Motion does not clearly set forth Baker's arguments for excluding the Video Clips (or certain clips from among the Video Clips). The Court interprets the Motion as making four arguments for excluding either the Video Clips entirely or certain clips: (1) the Video Clips violate the Sixth Amendment's Confrontation Clause, in accordance with *Crawford v. Washington*, 541 U.S. 36 (2004); (2) the Video Clips are hearsay; (3) two clips—one that allegedly shows Michael Fox's animation reacting to an (alleged) overdose and another that allegedly shows Tarra Geiger's use of Narcan to revive Jeremy Rich—should be excluded because they are unfairly prejudicial, will confuse the issues, or are a waste of time, under Federal Rule of Evidence 403; and (4) a clip that allegedly shows Baker assaulting his girlfriend should be excluded under Federal

Rule of Evidence 404. (Doc. 108.) The Court has reviewed the Video Clips[1] and addresses each of Baker's arguments below.

### A. *Crawford* and the Sixth Amendment's Confrontation Clause

Baker first argues that the Video Clips are testimonial under *Crawford* and violate the Sixth Amendment's right to confrontation. (*See* Doc. 108 at PAGEID # 504-06.) The Confrontation Clause of the Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right … to be confronted with the witnesses against him…." U.S. CONST. amend. VI. In *Crawford*, the United States Supreme Court held that the Confrontation Clause bars "admission of testimonial statements of a witness who did not appear at trial unless [1] he was unavailable to testify, and [2] the defendant had had a prior opportunity for cross-examination." *Crawford*, 541 U.S. at 53-54. Significantly, only "testimonial" statements cause the declarant to be a "witness" within the meaning of the Confrontation Clause." *Davis v. Washington*, 547 U.S. 813, 821 (2006).

Testimony "is typically a solemn declaration or affirmation made for the purpose of establishing or proving some fact." *Crawford*, 541 U.S. at 51. The Supreme Court explained that "[a]n accuser who makes a formal statement to government officers bears testimony in a sense that a person who makes a casual remark to an acquaintance does not." *Crawford*, 541 U.S. at 51. Although the Supreme Court declined to provide a comprehensive definition of what constitutes a testimonial statement, it specified that testimonial statements may include in-court testimony, formalized testimonial materials (such as affidavits, depositions, prior testimony, or confessions), and "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Id*. at

---

[1] On October 31, 2019, the Court received from the Government a disc containing 38 video clips.

51-52, 68.

The Video Clips do not constitute testimonial statements. *Crawford*, 541 U.S. at 51-52; *United States v. Fleming*, 287 F. App'x 150, 153-54 (3d Cir. 2008) (finding that a video introduced at trial that purportedly showed the defendant counting money inside of his house and meeting with a confidential informant was not testimonial; "[t]he visual aspect of the video is not testimonial as there is no 'statement' that could be construed to be testimonial"); *see also United States v. Jeffries*, 457 F. App'x 471, 482 (6th Cir. 2012) (finding no error on Confrontation Clause grounds where trial court admitted audiovisual recordings of traffic stops); *Wilkens v. Lafler*, No. 06-cv-15120, 2009 U.S. Dist. LEXIS 100430, at *28 (E.D. Mich. Oct. 28, 2009) (finding that acts depicted on videotape were "not statements, testimonial or otherwise"). Therefore, the Court finds that neither the Supreme Court's decision in *Crawford* nor the Sixth Amendment's Confrontation Clause preclude admission of the Video Clips.

### B. Hearsay

"Hearsay" is defined as "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c). "Statement" is defined as "a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion." FED. R. EVID. 801(a). Thus, "for nonverbal conduct to qualify as hearsay, it must be intended as an assertion." *Jeffries*, 457 F. App'x at 483 (nonverbal conduct in video—specifically, a co-defendant's possession of cocaine—was not hearsay where defendant made no argument that co-defendant intended her possession of cocaine as an assertion); *see also* FED. R. EVID. 801 advisory committee's note ("The key to the definition is that nothing is an assertion unless intended to be one."). Although "assertion" is not defined in Federal Rule of Evidence 801, the rule's Advisory

4

Committee Notes explain that "[s]ome nonverbal conduct, such as the act of pointing to identify a suspect in a lineup, is clearly the equivalent of words, assertive in nature, and to be regarded as a statement." FED. R. EVID. 801 advisory committee's note.

As noted above, the Video Clips do not contain any audio. Without specifying whether his argument concerns the Video Clips in their entirety or only certain clips, Baker appears to argue that at least some of the video constitutes inadmissible hearsay. (*See* Doc. 108.) However, Baker's argument concerning hearsay is otherwise not fleshed out. He does not explain why the Video Clips (or certain clips therein) constitute hearsay.

Therefore, based on the arguments and evidence presented, the Court finds that the Video Clips are not precluded as hearsay. FED. R. EVID. 801; *Cabrera v. Wal-Mart Stores East, L.P.*, No. 15 CV 597 SCY, 2017 U.S. Dist. LEXIS 120057, at *4 (D.N.M. July 31, 2017) (denying motion *in limine* to exclude surveillance video; finding that the party moving to bar admission of the video "has not explained how exactly the video fits within the definition of hearsay. There is no indication that the video contains a statement or assertion by any person, whether verbal or through non-verbal conduct"). *P.A. v. United States*, No. C 10-2811 PSG, 2013 U.S. Dist. LEXIS 103880, at *16-17 (N.D.Ca. July 24, 2013) ("Video evidence documenting the events on June 12, 2008 are visual depictions and do not constitute a 'statement' intended to be an 'assertion.' It would be different if Plaintiffs identified a particular phrase spoken by one of the actors, and argued it was being presented for the truth of the matter stated, but Plaintiffs have not done so here. The hearsay rule therefore does not apply."); *Madden v. Town of Hempstead*, No. 16-CV-6835, 2019 U.S. Dist. LEXIS 56581, at *8 n.6 (E.D.N.Y. Mar. 29, 2019) (security video without audio was not a statement, and therefore did not constitute inadmissible hearsay, where it merely depicted the events that occurred at a particular location on a particular day and nothing could be

construed as nonverbal conduct that any person depicted on the video intended to be an assertion).[2]

## C. Federal Rule of Evidence 403

Federal Rule of Evidence 403 states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED R. EVID. 403. Therefore, for Rule 403 to apply, the evidence must first be relevant. Federal Rule of Evidence 401 provides the test for whether evidence is relevant: "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED R. EVID. 401.

Baker argues that two clips violate Federal Rule of Evidence 403: (1) Michael Fox's animation reacting to an (alleged) overdose; and (2) Tarra Geiger's use of Narcan to revive Jeremy Rich. (Doc. 108 at PAGEID # 504.) Regarding the second clip, the Court did not see such a clip in its review of the Video Clips and neither list submitted by the parties references such a clip. The Court's understanding at this time is that the Government does not intend to show that particular clip (assuming that it exists). Therefore, the Court denies the Motion regarding that particular clip without prejudice because it is currently moot. Regarding the first clip, the Court makes a preliminary finding that it is relevant to one or more counts against Baker and that the clip

---

[2] The Sixth Circuit has found instances where a video, including the nonverbal conduct in a video, constitutes a hearsay "statement" under the Federal Rules of Evidence. *United States v. Martinez*, 588 F.3d 301, 310-11 (6th Cir. 2009). However, in contrast to the Video Clips here, the video in *Martinez* was made by a doctor in response to an FBI request and had the purpose of demonstrating the proper performance of a given action (specifically, the proper way to perform nerve-blocking injections). The Sixth Circuit held that, because of the intent of the doctor portrayed in the video, the doctor's "conduct during the course of the video is an assertion of proper medical performance and is, therefore, a statement under Rule 801(a) of the Federal Rules of Evidence." *Martinez*, 588 F.3d at 311. The Court also notes that, even if the Video Clips (or certain clips) constituted hearsay, it is possible that exceptions to the hearsay rule may apply.

will not be precluded based on application of Rule 403.  Therefore, the Court, at this time, finds that clip is not precluded under Rule 403.  FED R. EVID. 403.

### D. Federal Rule of Evidence 404

Baker also argues that a clip that allegedly shows Baker assaulting his girlfriend should be excluded under Federal Rule of Evidence 404.  (Doc. 108 at PAGEID # 507-509.)  In its Opposition, the Government stated that it does not intend to show that particular clip.  (Doc. 110 at PAGEID # 518.)  Therefore, the Court denies the Motion regarding that particular clip without prejudice because it is moot at this time.

### III. CONCLUSION

For the reasons above, the Court **DENIES** Defendant's Motion *In Limine* To Exclude Government Use of Video Clips (Doc. 108).  The Court's ruling does not preclude Baker from raising any objections to the Video Clips that he might have at trial.  This case remains set for trial on November 4, 2019 at 9:00 a.m.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, November 1, 2019.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE