UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Case No. **3:17CR059-TMR** |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| **MYRON D. BAKER,** | |
| Defendant. | |

Pursuant to Federal Rule of Criminal Procedure 16(d)(1) and based on patient privacy rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPPA") regulations, 45 C.F.R. 164.512(c)(1), the Court hereby grants the Motion of the United States for entry of a Protective Order, governing the manner in which defendant **MYRON D. BAKER** and his respective counsel, Richard Mayhall, handle certain materials – namely: medical records received from Premier Health as to the victim, (collectively, "the Materials") which contain certain medical information[1] – as follows:

1.  Defense counsel and **MYRON D. BAKER** will not disclose any information contained in the Materials directly or indirectly to any third person except: attorneys and investigators who are assisting in **MYRON D. BAKER's** defense; United States citizens who the defense interviews as potential witnesses; and potential experts ("Authorized Individuals"). Upon disclosing said information contained in the Materials to an Authorized Individual, defense

---

[1] When producing these Materials to **MYRON D. BAKER** and his respective counsel, the United States will clearly mark them as subject to the Protective Order.

counsel and **MYRON D. BAKER** must provide that Authorized Individual with a copy of the Court's Protective Order and advise that Authorized Individual that he or she will be subject to the same obligations as imposed upon defense counsel and **MYRON D. BAKER**, by the Protective Order.

2. Defense counsel shall not copy or reproduce the Materials unless copied or reproduced for the express use by Authorized Individual(s) who may be assisting in the defense, and in that event, the copies or reproductions should be treated in the same manner as the original Materials. Defense counsel shall maintain a log of any and all copies or reproductions made of the Materials and to whom they were distributed.

3. Although defense counsel may permit his respective client **MYRON D. BAKER** to review the Materials in a pre-trial detention facility under defense counsel's personal observation and supervision, **MYRON D. BAKER** may not remove from his respective counsel or keep the Materials, or copies or reproductions of the Materials, regardless of format, including, but not limited, personal notes reflecting content of the Materials.

4. Defense counsel and **MYRON D. BAKER** are only authorized to use the Materials solely in the defense of this case and for no other purpose.

5. At the conclusion of this case, defense counsel shall return all the Materials and copies or reproductions thereof forthwith to the United States Attorney's Office.

//
//
//
//
//

6. Defense counsel shall inform his respective client of these restrictions placed on the Materials, and ensure that they do not to disclose or use any information contained in the Materials in violation of the Protective Order. However, nothing contained in the Protective Order will preclude any party from applying to the Court for further relief or for modification of any provision hereof.

2/21/20
DATE

JUDGE THOMAS M. ROSE
UNITED STATES DISTRICT COURT