# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:17-cr-59 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| MYRON BAKER, | : | |
| | : | |
| Defendant. | : | |

## ORDER

This is the order referenced in the Court's 10/09/2020 notation concerning the two most recent *pro se* letters sent to the Court by Defendant Myron Baker ("Baker") (Docs. 159 and 160). (10/09/2020 Entry.)

### I.  BACKGROUND

#### A. **Appointment of Attorney Mayhall and August 28, 2020 Hearing**

Nearly three-and-a-half years ago, on April 25, 2017, the United States of America (the "Government") filed the original indictment in this case against Baker. (Doc. 17.) On February 5, 2020, the Court granted Baker's motion for appointment of new counsel, and the Court ordered that the earlier appointment of Aaron G. Durden, Esq. ("Mr. Durden") as Baker's counsel be terminated. (02/05/2020 Minute Entry; 02/05/2020 CJA 7.) A little over two weeks later, the Court appointed attorney Richard E. Mayhall, Esq. ("Mr. Mayhall") as counsel for Baker, pursuant to 18 U.S.C. § 3006A, upon review of Baker's previously submitted financial affidavit. (Doc. 137.) According to the Court's docket, Mr. Mayhall is Baker's sixth attorney in this case, three of

1

whom have been appointed: Vincent Popp, Mr. Durden (on two separate occasions), and Mr. Mayhall.[1]

At the time of Mr. Mayhall's appointment, there was a pending Motion for Withdrawal of a Plea filed by Baker (Doc. 128).  The hearing on that motion took place (after Mr. Mayhall's appointment) on June 16, June 17, July 17, and August 28, 2020.  (*See* Docs. 152, 153, 154, 155, and 158 at PAGEID # 1106.)

On August 12, 2020, Mr. Mayhall filed a motion to withdraw as Baker's attorney.  (Doc. 147.)  In that motion, Mr. Mayhall stated that, "[w]ithout getting into matters that are protected by attorney client privilege, Baker wants to reverse course on certain decisions that have already been made," that "[t]his would have the effect of extending the case," and that "Mayhall was extremely uncomfortable with the latest proposed tactics."  (*Id.* at PAGEID # 669.)  At a hearing on August 28, 2020, Mr. Mayhall stated that he would withdraw his motion to withdraw as Baker's attorney.  (Doc. 155 at PAGEID # 1017-18.)  The Court asked Baker if that was "all right with you," to which Baker responded:  "Actually, no Your Honor."  (*Id.* at PAGEID # 1018.)  Baker then made the following statement:

> I requested Mr. Mayhall to do a couple different things that he has not done just recently, as recently.  I don't know of any other way to get it done because you said I can't move or do anything myself and he's not doing it.

(*Id.*)  Upon the Court explaining to Baker that, in the correspondence that he had recently sent to the Court, Baker had not taken the position of wanting new counsel or to fire Mr. Mayhall, Baker responded:

---

[1] *See also* Doc. 158 at PAGEID # 1107 ("Since its inception in 2017, Baker has admittedly been 'represented by several different lawyers' in this case.  (Doc. 153 at PAGEID # 834.)  This includes that Aaron G. Durden, Esq. ('Mr. Durden') was appointed to represent Baker in April of 2017 (Doc. 19), relieved of his representation by way of a motion for substitution of counsel filed by Baker in February of 2018 (Doc. 44; 02/07/2018 Notation Order), and then re-appointed in May of 2019 to represent Baker at Baker's request (Docs. 88, 92).").

2

> Because at that time I was still communicating with Mr. Mayhall about the things I had requested him to do, and he still has yet to do any of it.

(*Id.* at PAGEID # 1018-19.) The Government stated that was "the first we've heard of Mr. Baker not wanting Mr. Mayhall to represent him. … None of those motions indicate that he wants Mr. Mayhall off the case. There is nothing that he's communicated today as to what he wanted Mr. Mayhall to do in particular that Mr. Mayhall did not do." (*Id.* at PAGEID # 1019.)

The Court then granted Mr. Mayhall's oral motion to withdraw his motion to withdraw as Baker's attorney, overruling Baker's objection. (*Id.* at PAGEID # 1019-21; 08/31/2020 Minute Entry.) The Court stated the following:

> [T]he Court, based upon the withdrawal of -- by Mr. Mayhall of his motion to withdraw, the Court -- and based upon the correspondence that the Court has previously received from Mr. Baker, which has been filed in the docket as Dockets 149 and 150 and which the Court has now marked as Court's Exhibit 1 and 2, and based upon the fact that the timeliness of any request at this time by Mr. Baker to any extent of conflict between Mr. Mayhall and Mr. Baker and in the public interest for the prompt and efficient administration of justice, the Court does find that the granting of any request by Mr. Baker at this time would require yet another continuance in this matter of Mr. Baker's pending motion to withdraw his plea of guilty. Again, this ruling is based upon Mr. Baker's correspondence and Court's Exhibit 1 and 2. Up until this moment, Mr. Baker had not been requesting for any substitution of counsel, and this is not a situation in which the Court would substitute counsel.
>
> The Court does not believe that the conflict between Mr. Baker and Mr. Mayhall is so great that it has resulted in any total lack of communication preventing an adequate defense. Mr. Mayhall has indicated here upon the record as indicated that he is prepared to proceed on Mr. Baker's behalf. Mr. Mayhall has been filing papers for Mr. Baker, i.e., one of the documents that will be taken into consideration, being the waiver of his attorney-client privilege with regard to Mr. Durden.
>
> The Court finds that in the interests of an efficient administration of justice, it weighs heavily against granting such a motion. These proceedings have been moving extremely slow. The criminal case was filed in 2017 and has not yet reached a sentencing phase.
>
> The government, of course, agrees that the proceedings have been very slow. Granting the motion, of course, would require again a last-minute continuance regarding the motion to withdraw, and further delay the proceedings and likely

3

> require another attorney to be -- to represent Mr. Baker, and more delays to allow the attorney to get up to speed.
>
> Mr. Baker, the Court would note, has cycled through a number of attorneys who have represented him in this specific case. The Court has no confidence that any replacement of Mr. Mayhall with any other attorney would solve the perceived conflict or issues that have been identified here in court. The Court will memorialize that decision by way of entry.

(Doc. 155 at PAGEID # 1019-21.) The following exchange then occurred:

> THE DEFENDANT: Your Honor, if I may say something?
>
> THE COURT: Not right now. Now Mr. Mayhall is representing you.
>
> THE DEFENDANT: I understand.

(*Id.* at PAGEID # 1021.)

The August 28, 2020 hearing then continued regarding Baker's motion to withdraw his guilty plea. Following testimony by Baker's former attorney (Mr. Durden), Baker made the decision to testify a second time. (*Id*. at PAGEID # 1067-1070.) At the end of Baker's rebuttal testimony, the following exchange occurred:

> Q. So keeping in mind what the judge just said, is there anything about Mr. Durden's testimony that you would want to respond to and haven't responded to yet?
>
> A. No, not at this time.
>
> Q. Well, this is the time.
>
> A. No, I don't.

(*Id.* at PAGEID # 1070.)

Following Baker's rebuttal testimony, the parties rested with respect to the hearing on Baker's motion to withdraw his guilty plea. (*Id.* at PAGEID # 1071.) After the Court ruled on the parties' motions to admit various exhibits, the Court indicated that a transcript of the hearing would be ordered and would be ready in about fourteen days, then counsel would have ten days to submit a closing brief (if counsel chose to do so) regarding the motion to withdraw the guilty plea, and

4

opposing counsel would have five days to file a response to any submitted closing brief. (*Id.* at PAGEID # 1071-75.) No reply briefs were permitted. (*Id.*)

On September 10, 2020, transcripts of the hearing were filed. (Docs. 152, 153, 154, and 155.) On September 18, 2020, Mr. Mayhall, on behalf of Baker, filed a "Post-Hearing Brief and Closing Argument of Defendant Myron D. Baker." (Doc. 156.) The Government filed a response on September 22, 2020. (Doc. 157.) On October 6, 2020, the Court entered an order denying Baker's motion for withdraw of a plea. (Doc. 158.)

Throughout the multi-day hearing on the motion to withdraw his guilty plea, Baker was represented by Mr. Mayhall, who communicated with Baker during the hearing and called witnesses to testify on Baker's behalf (including Baker himself two times, the second time as a rebuttal witness), obtained favorable testimony from those witnesses, cross-examined the witnesses called by the Government, obtained favorable admissions from those witnesses, and lodged objections. (Docs. 152, 153, 154, and 155.) Additionally, Mr. Mayhall filed a thorough ten-page "Post-Hearing Brief and Closing Argument of Defendant Myron D. Baker" in support of Baker's motion to withdraw his guilty plea. (Doc. 156.)

### B. Two Letters Sent by Baker to the Court

Subsequent to the hearing, Baker mailed the Court two letters: Document 159 (dated September 7, 2020) and Document 160 (dated October 1, 2020), both with the re: line "Ineffective Assistance of Counsel." In the first letter, Baker says that he "attempted to express to [the Court] [his] dissatisfaction with the representation being provided to [him] by Mr. Mayhall. … The purpose of this letter to is clarify [his] requests to Mr. Mayhall which he ignored and also to offer proof of those requests, if proof is necessary." (Doc. 159 at PAGEID # 1128.) Baker then goes on to describe requesting Mr. Mayhall to provide printed copies of Baker's own requests to Mr. Mayhall made over jail mail kiosks; Baker indicates in the letter that he had since received copies

5

of the written correspondence.  (*Id.*)  Baker states that his "deepest concerns are related to the record in this case and objections not made by Mr. Mayhall. … [Baker] also requested that Mr. Mayhall file a motion on [his] behalf to make the necessary objections."  (*Id.* at PAGEID # 1129.)  Baker also states in the letter that he requested an opportunity to provide further testimony about his communications with former counsel Aaron Durden, and that "[a]lthough [he] was given an opportunity to offer rebuttal after Mr. Durden's testimony was given, the nature and direction of Mr. Mayhall's questioning effectively restricted [his] testimony to only rebut Mr. Durden's testimony despite [his] request.  This left key factors unexpressed and [Baker] confused about what to do about it."  (*Id.*)

The first letter does not make any specific request apart from Baker stating that he "would very much appreciate the Court's assistance in this matter."  (*Id.*)  The first letter essentially is a tardy attempt by Baker to supplement the comments he made at the August 28, 2020 hearing both with respect to (1) Baker's objection to Mr. Mayhall's withdrawal of Mr. Mayhall's motion to withdraw as Baker's attorney; and (2) Baker's testimony in support of his motion to withdraw his guilty plea.

In the second letter, Baker asserts that he is "being deprived of [his] constitutional right to effective assistance of counsel."  (Doc. 160 at PAGEID # 1131.)  He says that "Mr. Mayhall has ignored or completely disregarded requests which were previously made to him and his blatant disregard still continues to this day."  (*Id.*)  Baker attaches to the letter a purported letter from him to Mr. Mayhall dated September 6, 2020.[2]  (*Id.* at PAGEID # 1136.)  Baker states that he requested

---

[2] In that letter to Mr. Mayhall, Baker tells Mr. Mayhall that he wants to review and consent to any filings before they are submitted to the Court and to be provided with a copy of anything the Government files in response to their final arguments on the motion to withdraw his guilty plea in order "to allow us adequate time to offer rebuttal."  (Doc. 160 at PAGEID # 1136.)  However, as indicated above, the Court did not permit the parties to file any reply brief.

that Mr. Mayhall "not file anything in this case on [his] behalf before [he has] been given [an] opportunity to review it with [Mr. Mayhall] and give [his] consent." (*Id.* at PAGEID # 1131.)

Baker also argues in the second letter that there is a conflict of interest between him and Mr. Mayhall. (*Id.* at PAGEID # 1131-32.) He "<u>assumed</u> that the Court would see the conflict of interest between him and [Mr. Mayhall], therefore granting [Mr. Mayhall] permission to withdraw as counsel and there would be little need for [Baker] to point out the obvious conflict of interest between [Baker and Mr. Mayhall] to the Court." (*Id.* at PAGEIED # 1132 (emphasis added).) Baker then states: "Unfortunately Mr. Mayhall withdrew his motion to withdraw as counsel and the Court disregarded [his] wish to replace [Mr. Mayhall] as counsel." (*Id.*) (As shown above, the Court did not "disregard[] [Baker's] wish to replace [Mr. Mayhall] as counsel.")

Baker goes on to complain in the second letter that Mr. Mayhall "has failed to [speak on his behalf] effectively," and asserts that "it is [Mr. Mayhall's] duty to communicate to the Court those things which [Baker], as the Defendant, express[es] to him" and Mr. Mayhall "failed to do this duty abusing his implied discretion." (*Id.*) Baker then impliedly requests a new attorney. (*Id.* ("I only need an attorney to convey my words to the Court in the language of legal professionals or law practitioners").) Baker details items that he allegedly discussed with Mr. Mayhall in preparation for the hearing on his motion to withdraw the guilty plea. (*Id.* at PAGEID # 1132-33.) Baker says that Mr. Mayhall "refused to communicate the latter of these things to the Court and ineffectively assisted [Baker] in clarifying this matter before this Court despite his understanding of the situation and [Baker's] obvious attempt to clarify it [him]self." (*Id.* at PAGEID # 1133.) Baker then asserts that he is innocent and says that he "only ask[s] to be given the opportunity to receive a fair trial with the effective assistance of counsel." (*Id.* at PAGEID # 1133-34.) He then proceeds to provide additional argument in support of his motion to withdraw the guilty plea,

including discussing what he believes were failures by Mr. Durden and disagreements between them regarding how best to defend his case at trial.[3] (*Id.* at PAGEID # 1134-35.) He says that "[a]ll of these facts were brought to the attention of Mr. Mayhall who failed to effectively assist [him] in expressing these things before this Court despite [Baker's] requests and active attempts to do so [him]self." (*Id.* at PAGEID # 1134-35.)

Baker then again says that he "only wish[es] for a fair chance to prove [his] innocence." (*Id.* at PAGEID # 1135.) He "only hope[s] that [the Court] will provide [him] with some type of assistance because Mr. Mayhall failed to effectively assist [him] and refused even [his] last chance to clarify these things in the final arguments despite [his] request." (*Id.*) Baker then indicates that Mr. Mayhall had already filed his "Post-Hearing Brief and Closing Argument of Defendant Myron D. Baker" (Doc. 156), and Baker says that he "want[s] an opportunity to be involved in the rebuttal of anything the Government files in relation to these final arguments." (Doc. 160 at PAGEID # 1135.) (Again, the Court specifically stated—in Baker's presence during the August 28, 2020 hearing—that no replies would be permitted.)

## II.     HYBRID REPRESENTATION

"It is well settled that there is no constitutional right to hybrid representation." *United States v. Steele*, 919 F.3d 965, 975 (6th Cir. 2019) (internal quotation marks omitted). When a defendant does not unequivocally waive his right to counsel, he cannot assert his right to self-representation. *Id.* (citing *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970) ("a defendant must make a choice, and he should not be permitted to manipulate his choice so that he can claim reversible error on appeal no matter which alternative he apparently chose in the District Court.")).

---

[3] The Court notes that, as found in the Order denying Baker's motion to withdraw guilty plea, the testimony at the hearing supported that, on the morning of the anticipated trial, "the Government, Mr. Durden, and Baker were all ready to proceed with a trial." (Doc. 158 at PAGEID # 1107; *see also* Doc. 153 at PAGEID # 852-53; Doc. 155 at PAGEID # 1033-34.)

"[T]he question whether to allow a defendant to participate in his own defense along with counsel in 'hybrid representation' is a matter committed to the sound discretion of the trial court." *United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987). However, there are a number of obvious reasons to refuse to allow hybrid representation, including undue delay, confusion, and, "where one of the co-counsel is the accused, conflicts and disagreements as to trial strategy are almost inevitable." *Id.* (affirming denial of motion for hybrid representation filed by a defendant who was also an attorney and a judge).

Here, Baker has never made any indication that he wishes to represent himself in this case or waive his right to counsel. *Steele*, 919 F.3d at 975. Additionally, when Baker has attempted to argue the merits of his case while represented by counsel, the Court has repeatedly informed Baker that hybrid representation is prohibited. (*See, e.g.,* Doc. 116 (striking Baker's personally-filed "Motion in Objection to Non-Suppressed Evidence" and stating that "[h]ybrid representation is prohibited").) Baker has indicated to the Court that he understands this prohibition. (*See, e.g.*, Doc. 128 at PAGEID # 578.) The Court understands the logic behind Baker's decision to express directly to the Court his concerns about his lawyer while being represented by that lawyer, and those specific types of communication typically do not constitute prohibited hybrid representation. *See, e.g., United States v. Williams*, 176 F.3d 301, 314 (6th Cir. 1999) (defendant requested new counsel by letter to the court two weeks prior to trial). However, much of Baker's two most recent *pro se* letters go much further by attempting to present evidence in support of the merits of his motion to withdraw his guilty plea. Such advocacy constitutes impermissible hybrid representation in violation of the Court's prior orders and warnings. *See also McCoy v. Louisiana*, 138 S. Ct. 1500, 1508, 200 L. Ed. 2d 821 (2018) (it is the lawyer who makes "decisions such as what arguments to pursue, what evidentiary objections to raise, and what agreements to conclude

regarding the admission of evidence," while "[s]ome decisions … are reserved for the client—notably, whether to plead guilty, waive the right to a jury trial, testify in one's own behalf, and forgo an appeal," as well as the decision of whether to assert innocence); *id.* (as a general matter, the decisions reserved for the client "are choices about what the client's objectives in fact *are*," while "strategic choices about how best to *achieve* a client's objectives" are for the lawyer to make) (emphasis in original); *United States v. Perry*, 908 F.2d 56, 59-60 (6th Cir. 1990) (tactical choices concerning whether to pursue an argument "are properly left to the sound professional judgment of counsel").

Furthermore, Baker was given the opportunity to testify—and did testify (twice)—at the hearing on his motion to withdraw his guilty plea prior to both parties resting. Thus, his attempts through the letters to supplement the evidence and arguments in support of his motion to withdraw his guilty plea not only violate the Court's prohibition on hybrid representation, but such attempts also are and were tardy.

### III. <u>CONCLUSION</u>

The Court sets a hearing to take place on Wednesday, November 4, 2020, at 2:30 p.m. to consider Baker's request in his second letter for new (substituted) appointed counsel. *Williams*, 176 F.3d at 314 ("A defendant is required to show good cause for a request to substitute counsel and to do so in a timely manner"). If the Court grants that request and therefore allows Baker to substitute his counsel (Mr. Mayhall), then new counsel will be appointed to represent Baker moving forward, including for purposes of sentencing and final disposition. Following the hearing, the Court will set a date and time for sentencing and final disposition. Regardless of the outcome of Baker's request for new (substituted) appointed counsel, this case will continue to sentencing and final disposition.

**DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, October 20, 2020.

                                                s/Thomas M. Rose

                                          THOMAS M. ROSE
                               UNITED STATES DISTRICT JUDGE