# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

|  |  |  |  |
|---|---|---|---|
| | Plaintiff, | : | Case No. 3:17-cr-059 |
| | | | Civil Case No. 3:23-cv-310 |
| | | | |
| | | | District Judge Thomas M. Rose |
| - vs - | | | Magistrate Judge Michael R. Merz |

MYRON D. BAKER,

                       Defendant.        :

---

# DECISION AND ORDER

---

This action under 28 U.S.C. § 2255 is before the Court on Defendant's Motion to Expand the Record[1] (ECF No. 206) and his Motion to Amend that Motion (ECF No. 210).  The United States opposes expansion of the record (ECF No. 212).

Baker seeks expansion to add an audio recording of interactions between law enforcement agents and Michael Fox as well as an affidavit of Mr. Fox allegedly executed in the offices of defense attorney Daniel J. O'Brien.  Baker alleges these materials are in support of his claims of "witness tampering, coercion, and manipulation by law enforcement."  (ECF No. 206, PageID 1452).  He adds that the Affidavit is needed to corroborate his claims of ineffective assistance of trial counsel and denial of due process.  *Id.* at PageID 1453.

---

[1] Baker refers to Fed. R. App. P. 7, but the correct reference is to Rule 7 of the Rules Governing § 2255 Proceedings.

As the United States points out in its opposition, Defendant has no pending § 2255 claims of witness tampering, coercion, or manipulation by law enforcement (ECF No. 212, PageID 1466). His First Ground for Relief asserts ineffective assistance of appellate counsel for failure to raise the invalidity of the search warrant on appeal.  In his Second Ground, he asserts defense attorney O'Brien provided ineffective assistance of trial counsel by not effectively showing at the motion to suppress hearing that Michael Fox had no authority to consent to the search of 522 Lexington. Ground Three raises another claim of ineffective assistance of trial counsel regarding Attorney O'Brien's performance at the suppression hearing.

Ground Four alleges police misconduct and ineffective assistance of trial counsel by Attorney O'Brien for failure to seek a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). The Fox Affidavit that Defendant seeks would allegedly show that Fox had been coerced by law enforcement into making statements supportive of the Government's case.  As the United States points out, the Affidavit was drafted before the Court appointed counsel for Fox and before he invoked his privilege against self-incrimination to refuse to testify at all.  Without Fox's testimony under oath and subject to cross-examination, the Affidavit remains inadmissible hearsay.

The recording and affidavit are plainly irrelevant to the Fifth Ground for Relief regarding preparation of an affirmative defense.  Ground Six asserts the ineffective assistance of trial counsel Aaron Durden and assertedly supports Defendant's desire to add his medical records from Miami Valley Hospital to the record to invalidate his guilty plea.  For the reasons given by Judge Rose in denying Baker's pre-sentence motion to withdraw his guilty plea (ECF No. 158), the Magistrate Judge concludes adding the "medical records"[2] would not significantly affect the analysis in this case.

---

[2] Baker has not tendered the records he seeks to add by this amendment to the Motion or described them in any detail.

The Motion to Expand the Record, along with its amendment, is DENIED.


May 2, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge
