# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:17-cr-059
                                     Civil Case No. 3:23-cv-310

                                     District Judge Thomas M. Rose
- vs -                                  Magistrate Judge Michael R. Merz

MYRON D. BAKER,

          Defendant.    :

## REPORT AND RECOMMENDATIONS; DECISION AND ORDER ON PENDING MOTIONS

This action under 28 U.S.C. § 2255 is before the Court on Defendant's Motion to Request Interrogatories (ECF No. 215), Motion to Request an Evidentiary Hearing (ECF No. 216), Motion to Request to Expand the Record (ECF No. 217), Motion to Request to Amend Request for Evidentiary Hearing (ECF No. 220), and Motion for Discovery and to Appoint Counsel (ECF No. 221). The pleadings in the case are complete with the Motion to Vacate (ECF No. 185), the Government's Response in Opposition (ECF No. 197), and Defendant's Reply (ECF No. 203).

**Litigation History**

On April 6, 2017, the United States filed a Complaint charging Defendant with being a felon in possession of a firearm (ECF No. 1). Finding probable cause, U.S. District Judge Walter

1

H. Rice issued a warrant for Defendant's arrest (ECF No. 2). Retained counsel Kiriakos Kordalis entered his appearance the next day, but withdrew ten days later because of a "potential conflict"[1] with Defendant. The Court appointed CJA counsel Vincent Popp, but Defendant forced a continuance of the preliminary hearing by advising he wished to retain his own attorney (Minutes, ECF No. 12). He was indicted on April 25, 2017, rendering a preliminary hearing unnecessary (Indictment, ECF No. 17).

The grand jury charged Defendant with being a felon in possession of a firearm and possessing with intent to distribute carfentinil and cocaine. *Id.* On the same day as the Indictment, the case was assigned to District Judge Thomas M. Rose. Magistrate Judge Newman appointed CJA Attorney Aaron Durden as counsel (ECF No. 19) and with Attorney Durden in appearance, Defendant pleaded not guilty at arraignment (ECF No. 20).

On October 10, 2017, the grand jury returned a Superseding Indictment which continued the original three charges and added counts for conspiracy to possess with intent to distribute carfentenil, fentanyl, and in excess of one thousand grams of heroin (Count Four), distribution of carfentanil resulting in serious bodily injury to J.R. (Count Five), distribution of carfentanil resulting in the death of J.V. (Count Six), distribution of carfentanil resulting in serious bodily injury to M.D. (Count Seven), and maintaining a place at 522 Lexington Avenue, Dayton, Ohio, for the manufacture, distribution, and use of carfentanil, fentanyl, and heroin (Count Eight)(ECF No. 35).

On February 7, 2018, retained Attorney Daniel J. O'Brien substituted for Attorney Durden. At Defendant's request, the suppression hearing was continued several times until it was finally

---

[1] The Motion to Withdraw does not indicate whether it was a potential conflict of interest or of opinions about how the case should be handled.

conducted September 5, 2018 (ECF No. 54). After further delays for briefing, the Motion to Suppress was denied on March 12, 2019 (ECF No. 78). On May 15, 2019, Attorney O'Brien moved to withdraw (ECF No. 89). That Motion was granted and attorney Aaron Durden was reappointed.

On November 4, 2019, Defendant entered into a Plea Agreement with the United States in which he agreed to plead guilty to Counts Four and Six of the Second Superseding Indictment charging him with conspiracy to distribute carfentanil, fentanyl, and heroin and actual distribution of carfentanil resulting in the death of J.V. (ECF No. 119). The parties agreed to a sentence of 120 months on Count Four and 240 to 292 on Count Six with the terms to run concurrently. With respect to the right to appeal, the parties agreed:

> The Defendant specifically reserves his right to appeal the Court's decision and entry (R. 78) which overruled his Motions to Suppress (R. 27, 39, and 53). With this single exception, the Defendant otherwise waives his right to appeal the sentence imposed, except if the sentence imposed exceeds the statutory maximum. This waiver shall not be construed to bar any possible future claim by the Defendant of ineffective assistance of counsel or prosecutorial misconduct.

*Id.* at PageID 550-51. On the same date, Defendant appeared before Judge Rose for a plea colloquy and entered his pleas of guilty pursuant to the agreement (Minutes, ECF No. 121).

About a month later, Defendant filed a *pro se* Motion to Withdraw his guilty plea, accusing Attorney Durden of ineffective assistance (ECF No. 128). While waiting for the hearing on his Motion, Defendant shopped several defense attorneys (ECF No. 129, 133). Apparently no attorney was retained, because the Court appointed Attorney Richard Mayhall on February 21, 2020 (ECF No. 137). On June 16, 2020, Defendant filed a written waiver of attorney-client communication privilege as to his communications with Attorney Durden (ECF No. 146).

3

On June 25, 2020, Judge Rose heard testimony on the Motion to Withdraw Plea (Transcript, ECF No. 148). On August 12, 2020, Attorney Mayhall moved to withdraw as counsel (ECF No. 147) but later withdrew that Motion. On October 6, 2020, Judge Rose filed a detailed decision denying the Motion to Withdraw (ECF No. 158). On February 11, 2021, after denying *pro se* motions to remove Attorney Mayhall, Judge Rose sentenced Defendant as contemplated by the Plea Agreement to 120 months on Count Four and 288 months on Count Six (ECF No. 164). Defendant promptly appealed to the Sixth Circuit and was appointed new counsel, Attorney Charles Sasse. The Sixth Circuit affirmed the conviction, specifically rejecting Defendant's claims relating to the search and to his guilty plea. *United States v. Baker*, 2022 WL 1017957 (6th Cir. Apr. 5, 2022)(unpublished; copy at ECF No. 176). The Supreme Court denied certiorari. *Baker v. United States,* Case No. 22-5154 (Oct. 11, 2022)(copy at ECF No. 181).

Defendant filed the pending Motion to Vacate on October 2, 2023[2]. He pleads the following grounds for relief:

> **Ground One:** Ineffective Assistance of [Appellate] Counsel for Failure to Raise Validity of Search Warrant Issue on Direct Appeal.
>
> **Ground Two:** Ineffective Assistance of Pre-Trial Counsel [Attorney O'Brien]: failure to show at the suppression hearing that Michael Fox lacked authority to admit law enforcement officers to 522 Lexington.
>
> **Ground Three:** Ineffective Assistance of Pre-trial Counsel [Attorney O'Brien] for failure to compel the Government to omit conflicting statements and tainted evidence from the record.

---

[2] Although the Motion was not received and docketed until October 10, 2023, it is deemed filed on the date it was mailed. (See ECF No. 185-2, PageID 1335. *Houston v. Lack,* 487 U.S. 266 (1988); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

4

> **Ground Four:** Police Misconduct and Ineffective Assistance of Pre-Trial Counsel for failure to seek a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978).
>
> **Ground Five:** Ineffective Assistance of Trial Counsel for failure to prepare an affirmative defense that the drugs distributed by Defendant were not the "but for" cause of death of J.V.
>
> **Ground Six:** Ineffective Assistance of Trial Counsel and Invalid Guilty Plea.

(ECF No. 185-1).

## Analysis

Before determining whether discovery or an evidentiary hearing is warranted in this case, the Magistrate Judge must analyze which, if any, of Defendant's grounds for relief are viable.

Rule 6(a) of the Rules Governing § 2255 Proceedings provides in pertinent part "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law."

A habeas corpus petitioner is not entitled to discovery as a matter of course, but only upon a fact-specific showing of good cause and in the Court's exercise of discretion. Rule 6(a), Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S. 286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000). The same good cause showing is requited in § 2255 proceedings.

Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought. *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996). The burden of demonstrating the materiality of the information requested is on the moving party. *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir.

2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000).

All of Defendant's grounds for relief assert ineffective assistance of counsel at either the trial or appellate level. The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.  Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

6

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

A criminal defendant is entitled to the effective assistance of counsel in trial preparation proceedings and also in the plea negotiation process. *Lockhart v. Fretwell,* 506 U.S. 364 (1993).

7

The Sixth Amendment also guarantees effective assistance of counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387 (1985).

**The Existing Record as to Defendant's Grounds for Relief**

**Ground One: Ineffective Assistance of Trial Counsel: Search Warrant**

In his First Ground for Relief, Defendant asserts he received ineffective assistance of appellate counsel when Attorney Sasse failed to claim that the search warrant used to authorize the search of 522 Lexington was invalid. The Motion to Vacate makes no argument as to why the warrant was invalid. The Plea Agreement reserves for appeal only "the Court's decision and entry (R. 78) which overruled his Motions to Suppress (R. 27, 39, and 53)" (ECF No. 119, PageID 550).

The Motions to Suppress sought to

> suppress (1) any evidence recovered from his person on April 4, 2017 at Delphos Carryout, (2) any statements made by him to law enforcement officers on April 4, 2017; and (3) any evidence seized from his residence pursuant to a search warrant on April 4, 2017. (R. 27, 39, 53.) Baker argues this evidence should be suppressed because his arrest and the search of his person on April 4, 2017 violated his Fourth Amendment rights and the affidavit supporting the search warrant for his residence lacked probable cause.

(Decision, ECF No. 78, PageID 366.) The Government dismissed the charges relating to drugs found on Baker's person on April 4, 2017, and statements he made on that occasion except for his statement that Michael Fox was working for him at 522 Lexington, a statement he agreed could be used. This rendered moot all the suppression claims except those related to the validity of the warrant.

8

Judge Rose reviewed carefully the evidence supporting the search warrant affidavit and found that it supported Dayton Municipal Judge Christopher Roberts' finding of probable cause. *Id.* at PageID 370-74. Defendant's First Ground for Relief does not suggest what argument appellate counsel could have made that would have effectively undermined Judge Rose's conclusion that the Affidavit supported the finding of probable cause. That is, he does not point to any available evidence which would have contested the findings of fact or any law which would have rebutted the conclusions of law. He claims there exists correspondence between himself and appellate counsel (which he does not attach) which shows he wanted to raise the issue of the validity of the search warrant, but a defendant does not show deficient performance merely by showing appellate counsel did not include an issue an appellant wanted raised. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52).

In sum, Defendant's First Ground for Relief is pled in conclusory fashion; it does not plead facts which, if true, would warrant the granting of relief. On that basis, Ground One should be dismissed for failure to plead sufficient facts.

**Ground Two: Ineffective Assistance of Counsel at Suppression Hearing**

In his Second Ground for Relief, Defendant asserts Attorney O'Brien was ineffective for failing to show that Michael Fox lacked authority to allow law enforcement officers to enter 522 Lexington. This was not an issue in the Motions to Suppress so Fox's authority to allow law enforcement officers into 522 Lexington was not an issue he could have raised on direct appeal.

Because of the strong preference of the Sixth Circuit for presentation of ineffective assistance of trial counsel claims in § 2255 proceedings, Defendant did not forfeit his ineffectiveness claim by not presenting it on direct appeal. But here again as with the First Ground for relief, the pleading is completely conclusory. What additional evidence could Attorney O'Brien have presented? Michael Fox invoked his Fifth Amendment privilege when asked questions about the search. Baker, his mother, and his girlfriend all testified at the September 5, 2018, so Attorney O'Brien had the relevant persons present; what questions should he have asked that would have resulted in suppression of what the officers saw? Defendant has pleaded neither deficient performance nor prejudice as to Ground Two except in completely conclusory terms. To the extent Defendant would rely on instructions given to Attorney O'Brien about what witnesses to call, the Court cannot seek corroboration from him because, as the Court takes judicial notice, Attorney Daniel J. O'Brien died May 19, 2024.

**Ground Three: Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Defendant asserts Attorney O'Brien "fail[ed] to compel the Government to omit conflicting statements and tainted evidence from the record." This claim arises from a confrontation between Defendant and Dayton Police Officers inside the Delphos Market on April 4, 2017. During that confrontation, illegally possessed controlled substances were taken from Defendant's person. At the time of the suppression hearing, the Government mooted Defendant's Fourth Amendment claims about this confrontation by dismissing the resulting possession charge. However Baker complains that the drugs were not suppressed as "fruit of the poisonous tree" and the account of the confrontation remains in the record.

10

This ground for relief also fails to state a claim under § 2255. The drugs were never offered in evidence and so any request to "suppress" them would have been futile. Amending the record to eliminate any account of the confrontation would be falsifying the record. Since Defendant was was not entitled to the relief that forms the basis of this claim, Attorney O'Brien did not provide ineffective assistance in failing to compel removal of record references.

**Ground Four: Police Misconduct and Ineffective Assistance of Trial Counsel**

In Ground Four, Defendant complains of police misconduct and the failure of counsel to seek a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978). *Franks* allows a party to challenge the veracity of a search warrant affidavit upon a substantial preliminary showing that a false statement was included knowingly and intentionally or with reckless disregard for its truth and that the allegedly false statement was necessary for a finding of probable cause.

The police misconduct alleged in the motion refers to alleged intimidation of witness Michael Fox. Fox made statements to the officers who entered 522 Lexington which they relied on in obtaining a search warrant. According to Defendant, Fox later recanted those statements in a sworn statement given to Attorney O'Brien and then was intimidated by officers and told his statement was "messing up their case."

This claim of police misconduct is procedurally defaulted because it was never raised on direct appeal. *United States v. Frady*, 456 U.S. 152, 167-68 (1982). The claim of ineffective assistance of trial counsel is not defaulted for reasons given above, but Defendant has not pleaded which statements of fact in support of the search warrant were intentionally or recklessly false. He says Fox's statement claims he was held at gunpoint by the entering officers, but that statement is

11

at this point double hearsay. Fox has pleaded his Fifth Amendment privilege and cannot be compelled to testify about what actually happened and Attorney O'Brien cannot testify at all.

**Ground Five:  Ineffective Assistance of Trial Counsel**

In his Fifth Ground for Relief, Defendant claims he received ineffective assistance of trial counsel because unidentified counsel, presumably Attorney Durden, failed to adequately explain the but-for causation which would have had to be proved on Count Six, i.e., that the carfentanil Defendant sold J.V. was the but-for cause of his death..

The Statement of Facts attached to the Plea Agreement and to which Defendant agreed contains the statement that the drugs distributed to J.V. were a but-for cause of his death, explained as an "independently sufficient" cause (ECF No. 119, PageID 553-54).  During the plea colloquy, the relevant portion of the Statement of Facts was read into the record:

> Baker accepts that the forensic pathologist has concluded that but for J.V. using the carfentanil, his death would not have occurred and that the carfentanil distributed by Baker and Geiger was an independently sufficient cause of J.V.'s death. Baker further accepts that but for M.D. using the carfentanil, M.D.'s serious bodily injury would not have occurred and that the carfentanil distributed by Baker and Geiger was an independently sufficient cause of M.D.'s serious bodily injury.

(Transcript, ECF No. 142, PageID 627).  Defendant accepted responsibility for causing the death of J.V. *Id.* During the plea colloquy, Defendant was asked if he understood the Plea Agreement or had any disagreement with it or with the attached Statement of Facts; he agreed he understood and had no disagreement with the facts. (Transcript, ECF No. 142, PageID 628).

Under *Strickland, supra,* a court may deny an ineffective assistance of trial counsel claim on either of the two prongs of the analysis, deficient performance or prejudice. 466 U.S. at 697. Whether or not Attorney Durden explained "but for" causation to Defendant, Defendant swore under oath that he understood the Plea Agreement's use of that term – independently sufficient to cause death. Because "but for" causation was adequately explained to Defendant before his guilty plea was accepted, whether or not Attorney Durden explained the term is immaterial.

**Ground Six: Ineffective Assistance of Trial Counsel and Invalid Guilty Plea.**

In his Sixth Ground for Relief, Defendant claims he received ineffective assistance of trial counsel when Attorney Durden did not communicate to the Court Defendant's desire to withdraw his guilty plea. Defendant also claims his plea was unintelligent and involuntary because of the effects of medication he was taking at the time of his plea.

The first part of this ground for relief seems to emphasize that somehow Attorney Durden did not notify Judge Rose quickly enough about Baker' desire to withdraw his plea, because Baker emphasizes calling Attorney Durden the same day as the plea (ECF No. 185-1, PageID 1331). Defendant filed his Motion to Withdraw *pro se* (ECF No. 126). Although Judge Rose initially disallowed this filing because of the rule against hybrid representation (ECF No. 127), he allowed Defendant's next *pro se* motion to withdraw the plea (ECF No. 128) to be litigated. After appointment of replacement counsel Richard Mayhall, the Motion to Withdraw Plea was heard in June 2020 (Transcript, ECF Nos. 152-155). On October 6, 2020, Judge Rose filed an extensive decision denying the Motion to Withdraw (ECF No. 158). Thus the issue of whether Defendant should have been allowed to withdraw his guilty plea was preserved for appeal.

On appeal the Sixth Circuit recounted the circumstances and length of the delay in seeking withdrawal and noted that Judge Rose had weighed those factors[3] in Defendant's favor. *Baker, supra.* at PageID 1282. Thus the length of the delay did not count against Defendant and he therefore suffered no prejudice from Attorney Durden's failure to file earlier.

The second part of this ground for relief claims that the Defendant's guilty plea is invalid because of the effect on him of the medication in his body at the time of the plea, rendering his testimony during the plea colloquy "false and inaccurate." (Motion, ECF No. 185-1, PageID 1331). On appeal, Defendant raised this issue by claiming that his medicated state at the time of the plea colloquy supported his motion to withdraw the plea. The Sixth Circuit considered this claim as one of the factors for evaluating denial of the motion to withdraw, rather than as a stand-alone claim that the plea was involuntary. It held:

> Baker claims that "his medication clouded his mind and he was not thinking clearly." [Appellant Brief, p. 55] The district court found this excuse unpersuasive, noting several observations from the plea colloquy. During the colloquy, the court inquired of Baker, "have you had any type of drugs, alcohol, or medication within the last 24 hours?" Baker responded, "No." The court then asked, "So you are clear-headed here this morning?" Baker responded, "Yes, sir." Although defense counsel noted that Baker had some reservations about pleading guilty, counsel agreed that Baker appeared clear-headed on the day of the plea. The court ultimately determined that Baker "[was] in full possession of his faculties and [was] competent to enter his plea"; that "he [was] not under any apparent influence of narcotics, hallucinogens, alcohol, or medication"; and that Baker understood "the nature of the[] charges to which he has pled and the penalties that are provided by law for those violations." According to the court, "Baker certainly did not express or exhibit any confusion during the plea colloquy." Therefore, Baker's claim that his medications affected his mental state is undermined by the

---

[3] The factors in question were quoted by the Sixth Circuit from *United States v. Goddard*, 638 F.3d 490, 494 (6th Cir. 2011). They are (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings;

14

> district court's credibility determination. "Unless it has no foundation, we defer to a district court's finding of credibility." *United States v. Butler,* 297 F.3d 505, 513 (6th Cir. 2002) (citation omitted).
>
> There is nothing in the record to otherwise suggest that Baker was incapable of understanding the proceedings brought against him. He earned his GED, attended some college, and presented as "intelligent and sophisticated" during his interactions with the district court.

*Baker, supra*, at PageID 1285-86.

**The Requested Discovery in Light of the Existing Record**

In Defendant's first discovery request, he asks the Court to propound interrogatories to attorneys Aaron Durden, Daniel J. O'Brien, and Richard Mayhall, to witness Michael Fox, and to case agents Bell and Braud (Request, ECF No. 215). The request is DENIED because Fed.R.Civ.P. 33 authorizes interrogatories to "parties" and the only parties to this case are Defendant and the United States of America. Additionally, Attorney O'Brien, having died, cannot respond to interrogatories. Finally, witness Fox has invoked his privilege to remain silent under the Fifth Amendment.

Defendant moves to expand the record under Rule 7 of the Rules Governing § 2255 Proceedings (ECF No. 217). He seeks to add to the record the toxicology report on the deceased victim, J.V. That report is immaterial because Defendant has admitted under oath in the plea colloquy that his sale of drugs to J.V. was the but for cause of J.V.'s death. Defendant also seeks to add an audio recording of the interaction of the case agents with Michael Fox in order to support his claim of police misconduct. The claim of police misconduct is procedurally defaulted because

15

it was not raised on direct appeal and failure to include it has not been shown to be excused. The Motion to Expand the Record is DENIED.

Defendant has renewed his request for discovery of statements and of the toxicology report (ECF No. 221) which is DENIED for the same reasons given above. In the same Motion, Defendant requests appointment of counsel to assist with discovery. Having denied the requests for discovery, the Court also denies the request for counsel as moot.

**The Motion for Evidentiary Hearing**

Defendant has moved the Court to grant him an evidentiary hearing under Rule 8 of the Rules Governing § 2255 Proceedings (ECF No. 216) and later requested to amend that request (ECF No. 220). Defendant desires to obtain the testimony of Attorney O'Brien and witness Michael Fox. As noted above, Attorney O'Brien is deceased and witness Fox has claimed the protection of the Fifth Amendment.

Defendant wishes to examine Attorney Aaron Durden who he says he believes will admit "he did indeed coerce the petitioner [Defendant] into a change of plea." (ECF No. 216, PageID 1479). When the Magistrate Judge directed Defendant to re-file his motion for evidentiary hearing, he was directed to set forth the identity of expected witnesses and what he expected them to testify to (ECF No. 204, PageID 1425). The Court did not ask for the basis of Defendant's expectations about the testimony and Defendant has not given any basis. But the witnesses Defendant wants to call are "his" witnesses in the sense that they would be offered in support of his Motion to Vacate. Defendant's projection of Attorney Durden's testimony thus seems utterly speculative. Mr. Durden has steadfastly denied coercing a plea. Defendant denied in the plea colloquy that he had

16

been coerced. If the alleged mechanism of coercion is Attorney Durden's discussion of a possible plea with Defendant's family, the Sixth Circuit has already rejected that as an instance of coercion. Defendant also wishes to call Attorney Mayhall, but his expectations about that witness's testimony are even more speculative.

In his amendment to the Motion for Evidentiary Hearing, Defendant asserts he wishes to call an unidentified mental health expert to testify about the "known side effects of the medication that petitioner [Defendant] maintains he was prescribed and under the influence of during" the plea colloquy. During the plea colloquy, Defendant swore under oath that he was not under the influence of any medication at the time. By now claiming that he was, he is essentially admitting he perjured himself during the plea colloquy. Unless Defendant believes he could avoid a perjury conviction by pleading he was not guilty of perjury by reason of insanity and that the insanity was caused by medication which caused him to lie under oath, this claim makes no sense.

**Plea Bargains in General**

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Brady*, 397U.S. at 749. If a prosecutor's promise is illusory, then a plea is involuntary and unknowing. *United States v.*

17

*Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000). However, where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984).  A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993).

A plea bargain in a case such as this is likely the most consequential contract into which a criminal defendant will ever enter because it provides for years of imprisonment.  On the other hand, it limits a defendant's exposure.  The charges Defendant was facing carried mandatory minimum terms of imprisonment of ten and twenty years respectively with a maximum of life imprisonment.

Certainly the morning of trial, often the last opportunity a defendant has to accept a plea bargain, is intensely emotional.  But when a defendant extends the pre-trial negotiation period by motion practice and change of counsel, he ought to realize that the first day of trial will arrive with all the tension inherent in making the decision to plead.

The law protects a criminal defendant's independence in making the decision to plead by requiring the most complete set of advice about consequences it is possible to imagine.  When a defendant swears he understands and swears he agrees, it is not unfair to hold him to his bargain. Defendant has received the benefit of his bargain and has presented no viable basis for overturning his plea.

**Conclusion**

Because Defendant's claims are refuted by the existing record, his Motion for an Evidentiary Hearing and ancillary motions for discovery and to expand the record are DENIED.

Based on the analysis above of the record with respect to Defendant's claims the Magistrate Judge respectfully recommends that the Motion to Vacate be DISMISSED WITH PREJUDICE. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 17, 2024.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*<br>
United States Magistrate Judge