# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

|  | | |
|---|---|---|
| Plaintiff, | : | Case No. 3:17-cr-059 |
|  |  | Civil Case No. 3:23-cv-310 |
|  |  |  |
|  |  | District Judge Thomas M. Rose |
| -  vs  - |  | Magistrate Judge Michael R. Merz |

MYRON D. BAKER,

|  | | |
|---|---|---|
| Defendant. | : | |

---

# DECISION AND ORDER DENYING MOTION TO AMEND
# WITHOUT PREJUDICE TO ITS RENEWAL IN PROPER FORM

---

This case under 28 U.S.C. § 2255 is before the Court on Petitioner's Motion to Amend or Correct (ECF No. 231). Defendant correctly notes that he must obtain consent of the United States or leave of court to amend at this stage of the proceedings.

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

1

371 U.S. at 182.    *See also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997)(citing *Foman* standard).

In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F.2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F.2d 887 (6th Cir. 1989); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F.2d 21, 23 (6th Cir. 1980); *United States ex rel. Antoon v. Cleveland Clinic Found.*, 978 F. Supp. 2d 880, 887 (S.D. Ohio 2013)(Rose, J.); *William F. Shea, LLC v. Bonutti Reseach Inc.*, 2011 U.S. Dist. LEXIS 39794, *28 (S.D. Ohio March 31, 2011) (Frost, J.).

The difficulty with Defendant's present Motion to Amend or Correct is that he does not tell the Court or opposing counsel what amendments he wishes to make.  Without knowing the content of the proposed amendments, the Court cannot tell whether they would be subject to dismissal as futile or whether they would relate back to the date of the original 2255 Motion to Vacate.

Accordingly, the Motion to Amend or Correct is DENIED without prejudice to its renewal not later than September 18, 2024, with the actual text of the proposed amendments.


September 4, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge