# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:17-cr-059
                                      Civil Case No. 3:23-cv-310

                                      District Judge Thomas M. Rose
-   vs  -                                  Magistrate Judge Michael R. Merz

MYRON D. BAKER,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

This case under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (ECF No. 241) to the Report and Recommendations on the merits (ECF No. 222). District Judge Rose has recommitted the case for consideration of these objections (ECF No. 242).

**Standard of Review**

The standard of review on nondispositive matters decided by a Magistrate Judge under Fed.R.Civ.P. 72(a) is clearly erroneous as to factual findings or contrary to law as to legal conclusions. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001), *citing United States v. Raddatz*, 447 U.S. 667, 673 (1980). To demonstrate that a conclusion is contrary to law, a party must show the conclusion "contradict[s] or ignore[s] applicable precepts of law, as found in the

Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)(Kinneary, J.), *quoting Adolph Coors Co. v. Wallace*, 570 F. Supp. 202, 205 (N.D. Cal. 1983). Review of a Magistrate Judge's recommendations under Fed.R.Civ.P. 72(b) on a dispositive matter is plenary.

## Analysis

On June 17, 2024, the undersigned filed a Report and Recommendations (the "Report." ECF No. 222) on the merits of Defendant's Motion to Vacate his conviction in a document which also denied pending ancillary motions to request interrogatories (ECF No. 215), for an evidentiary hearing (ECF No. 216), to expand the record (ECF No. 217), to amend the request for an evidentiary hearing (ECF No. 220), and for discovery and the appointment of counsel (ECF No. 221). The merits recommendation is a dispositive matter and the remaining decisions are non-dispositive, but Defendant's objections to all of them were due July 5, 2024. On Defendant's motion, his time to object was extended to and including October 3, 2024 (ECF No. 224)[1].

**Objection One: Ground Five: Ineffective assistance of trial counsel for failure to investigate and prepare affirmative defense (proposed amendment actual innocence)(ECF No. 241, PageID 1586).**

In his objection to the recommended denial of Ground Five, Defendant complains that the Magistrate Judge did not analyze correctly his ineffective assistance of trial counsel claim which

---

[1] Defendant's Objections were not mailed until October 4, 2024. The Magistrate Judge *sua sponte* grants Defendant a one day extension of time to object, making the instant Objections timely.

is based on his assertion of actual innocence of the enhancement to his sentence occasioned by his having sold J.V. carfentinil and that drug's being the "but for" cause of J.V.'s death.

As to Ground Five, the Report reads:

> **Ground Five: Ineffective Assistance of Trial Counsel**
>
> In his Fifth Ground for Relief, Defendant claims he received ineffective assistance of trial counsel because unidentified counsel, presumably Attorney Durden, failed to adequately explain the but-for causation which would have had to be proved on Count Six, i.e., that the carfentanil Defendant sold J.V. was the but-for cause of his death.
>
> The Statement of Facts attached to the Plea Agreement and to which Defendant agreed contains the statement that the drugs distributed to J.V. were a but-for cause of his death, explained as an "independently sufficient" cause (ECF No. 119, PageID 553-54). During the plea colloquy, the relevant portion of the Statement of Facts was read into the record:
>
>> Baker accepts that the forensic pathologist has concluded that but for J.V. using the carfentanil, his death would not have occurred and that the carfentanil distributed by Baker and Geiger was an independently sufficient cause of J.V.'s death. Baker further accepts that but for M.D. using the carfentanil, M.D.'s serious bodily injury would not have occurred and that the carfentanil distributed by Baker and Geiger was an independently sufficient cause of M.D.'s serious bodily injury.
>
> (Transcript, ECF No. 142, PageID 627). Defendant accepted responsibility for causing the death of J.V. Id. During the plea colloquy, Defendant was asked if he understood the Plea Agreement or had any disagreement with it or with the attached Statement of Facts; he agreed he understood and had no disagreement with the facts. (Transcript, ECF No. 142, PageID 628).
>
> Under *Strickland, supra*, a court may deny an ineffective assistance of trial counsel claim on either of the two prongs of the analysis,

3

> deficient performance or prejudice. 466 U.S. at 697. Whether or not Attorney Durden explained "but for" causation to Defendant, Defendant swore under oath that he understood the Plea Agreement's use of that term – independently sufficient to cause death. Because "but for" causation was adequately explained to Defendant before his guilty plea was accepted, whether or not Attorney Durden explained the term is immaterial.

(Report, ECF No. 222, PageID 1508-09).

Baker first objects that it was not only Attorney Durden, but all of his pre-plea attorneys – Vincent Popp and Daniel J. O'Brien, as well as Aaron Durden – who did not explain "but for" causation. Assuming the truth of that assertion, it remains immaterial. The Plea Agreement itself, which Baker swore he understood and to which he agreed – which adequately explains "but for" causation as "independently sufficient to cause death." If Baker did not understand what "but for" causation meant when defined as "independently sufficient to cause death," why did he lie under oath and tell the Court he did understand? If his plea of guilty was not knowing, intelligent, and voluntary, why didn't he raise that as a claim on appeal, which he did not. See *United States v. Baker*, 2022 WL 1017957 (6th Cir. Apr. 5, 2022)(unpublished; copy at ECF No. 176).

By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Where a district court has scrupulously followed the required procedure under Fed. R. Crim. P. 11 as the Court did here, "the defendant is bound by his statements in response to that court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986), *quoting Moore v. Estelle*, 526 F.2d 690 (5th Cir. 1976). The Sixth Circuit has expressly approved relying on a statement of facts in the plea agreement for a finding of factual sufficiency. *United States v. Baez*, 87 F.3d 805 (6th Cir. 1996).

4

Baker criticizes his attorneys for not preparing an affirmative defense of "actual innocence." But actual innocence is not an affirmative defense, nor is it cognizable as a claim for relief in a Motion to Vacate. A claim of actual innocence alone is insufficient to warrant habeas relief. *Herrera v. Collins*, 506 U.S. 390 (1993). "A claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Hodgson v. Warren*, 622 F.3d 591, 601 (6th Cir. 2010). Case law in the Sixth Circuit establishes that the Supreme Court of the United States has never recognized a free-standing or substantive actual innocence claim. *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007), *citing Zuern v. Tate*, 336 F.3d 478, 482, n.1 (6th Cir. 2003), and *Staley v. Jones*, 239 F.3d 769, 780, n.12 (6th Cir. 2001). The Report does not assert Ground Five is procedurally barred. Therefore any evidence of actual innocence, even if it met the standard of *Schlup v. Delo,* 512 U.S. 298 (1995), would be irrelevant as to that claim.

Baker objects that if the case had gone to trial, the government would not have been able to prove that the carfentenil in J.V.'s system was the "but for" cause of his death. That might be true, but it is immaterial. The whole point of a plea agreement from the government's side is that the state does not have to prove anything. From the defendant's side, the point is usually some concession on the question of sentencing. Here the bargain was that the United States would agree to dismiss four of the six counts of the pending indictment and concurrent sentences of 120 months on Count Four and 240 to 292 on Count Six and Defendant could appeal the denial of his motions to suppress. The United States kept its part of the bargain (See Judgment, ECF No. 165), but Defendant has tried mightily to avoid what he agreed to.

Baker's Objection as to Ground Five should be overruled.

**Objection Two: Police Misconduct and Ineffective Assistance of Counsel (proposed amendment: police misconduct and prosecutorial misconduct affecting due process).**

Baker indicates at PageID 1592 that this second objection is directed to PageID 1507-08 of the Report. Those pages include the Magistrate Judge's analysis of Ground Four which reads as follows:

> **Ground Four: Police Misconduct and Ineffective Assistance of Trial Counsel**
>
> In Ground Four, Defendant complains of police misconduct and the failure of counsel to seek a hearing under *Franks v. Delaware,* 438 U.S. 154 (1978). Franks allows a party to challenge the veracity of a search warrant affidavit upon a substantial preliminary showing that a false statement was included knowingly and intentionally or with reckless disregard for its truth and that the allegedly false statement was necessary for a finding of probable cause.
>
> The police misconduct alleged in the motion refers to alleged intimidation of witness Michael Fox. Fox made statements to the officers who entered 522 Lexington which they relied on in obtaining a search warrant. According to Defendant, Fox later recanted those statements in a sworn statement given to Attorney O'Brien and then was intimidated by officers and told his statement was "messing up their case."
>
> This claim of police misconduct is procedurally defaulted because it was never raised on direct appeal. *United States v. Frady*, 456 U.S. 152, 167-68 (1982). The claim of ineffective assistance of trial counsel is not defaulted for reasons given above, but Defendant has not pleaded which statements of fact in support of the search warrant were intentionally or recklessly false. He says Fox's statement claims he was held at gunpoint by the entering officers, but that statement is at this point double hearsay. Fox has pleaded his Fifth Amendment privilege and cannot be compelled to testify about what actually happened and Attorney O'Brien cannot testify at all.

(Report, ECF No. 222, PageID 1507-08).

Baker objects that "procedural default is not absolute." He makes no argument as to why it does not apply to this case except to cite *Bousley v. United States,* 523 U.S. 614 (1998), and *Coleman v. Thompson*, 501 U.S. 722 (1991). *Bousley* holds that the actual innocence needed to excuse procedural default is actual as opposed to legal innocence. In *Coleman* the Supreme Court held

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

501 U.S. at 750.

Although Baker refers in Ground Four to ineffective assistance of **trial** counsel, the procedural default referred to in the Report is failure to raise the police misconduct claim on direct appeal. In his Objection, he claims he received ineffective assistance of appellate counsel when his appellate attorney, a different lawyer from those who represented him in this Court, told him to submit his police misconduct claim *pro se* to the Sixth Circuit and that court refused to consider it on hybrid representation grounds. But if the claim had actually gotten before the circuit court, it would have been dismissed on the merits on the basis of Baker's appellate waiver in the Plea Agreement which extended to claims of police misconduct. The Sixth Circuit regularly upholds such waivers. *United States v. Morrison*, 852 F.3d 488, 490 (6th Cir. 2017); *United States v. Beals*, 698 F.3d 248, 255 (6th Cir. 2012); *United States v. Toth*, 668 F.3d 374, 378 (6th Cir. 2012); *United States v. Wilson*, 438 F.3d 672, 673 (6th Cir. 2006)*United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004); *United States v. Fleming,* 239 F.3d 761, 763-64 (6th Cir. 2001). The Court should note that Baker did not challenge the validity of his appellate waiver before the Sixth Circuit.

The miscarriage of justice excuse of procedural default mentioned in *Coleman* requires proof of actual innocence. *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986). Baker believes that the toxicology report on J.V. which shows a number of illicit and dangerous drugs in J.V.'s system is proof of actual innocence, but he stipulated to the forensic pathologist's report which establishes that it was the carfentinil that proved fatal.

In his Objections, Baker attempts to add a claim of prosecutorial misconduct (ECF No. 241, PageID 1595-96). No prosecutorial misconduct claim is pleaded in the motion to Vacate.

Finally, he claims there were stronger issues which could have been pursued on appeal – particularly police misconduct and prosecutorial misconduct – than the ones actually litigated (ECF No. 241, PageID 15976-97). But this argument ignores the limitations on appealable issues set forth in the Plea Agreement.

**Objection Three:  Recommendation to Deny a Certificate of Appealability**

This objection is purely conclusory, stating the Magistrate Judge failed to consider the facts and evidence and failed to apply the appropriate legal standards (ECF No. 241, PageID 1597). Making some objections but failing to raise others will not preserve all objections a party might have had. Only specific objections are preserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987). The district court need not provide *de novo* review where objections to a magistrate judge's report and recommendations are frivolous, conclusive, or general. Parties have a duty to pinpoint portions of the report that the Court should consider. *Mira v. Marshall,* 806 F.2d 636 (6th Cir. 1986).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully again recommends the Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 10, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #